FIRST NATIONAL BANK OF GREENVILLE ET AL. *v.* COOK
CARRIAGE CO.

1. SALE.  *Reservation of title.  Agreement to give note.*

   Under an agreement by which the purchaser of personal property is to settle
   promptly, on receipt of bill of lading, by note or draft payable in four
   months, or in cash within ten days, at an agreed discount, there is no
   reservation of title in the seller, and, although the terms be not com-
   plied with, the title passes by delivery, and the seller cannot maintain
   replevin for the property as against one who has bought from the pur-
   chaser.

2. SAME.  *Fraud of buyer.  Title.  Bona fide purchaser.*

   Although the purchaser improperly, or even fraudulently, obtained such
   property, not intending to pay for it, or to execute his note as agreed,
   one who buys the property from him in the usual course of trade, with-
   out notice, and before any steps are taken by the original owner to re-
   claim it, acquires a perfect title.

FROM the circuit court of Washington county.

HON. R. W. WILLIAMSON, Judge.

Appellee is a wholesale dealer in carriages and other vehi-
cles, and in 1891, through its agent, sold and shipped to J.
C. Head & Co., retail dealers in Greenville, Miss., a delivery-
wagon and rockaway, the title to which is involved in this
action.   The sale and shipment were made pursuant to a
written contract, signed by J. C. Head & Co., which, after
describing the two vehicles, contains the following stipula-
tion: "The subscribers agree to settle promptly, by note or
bill of exchange on Cincinnati or New York, on receipt of
bill of lading, in accordance with the following terms: 50
and 10 off 4 mos., and 5 per cent. more off for cash in 10
days from date of shipment."   The vehicles were received
in due course, but the purchasers failed to pay the cash in ten
days, or to execute notes or give their acceptances for the
price as agreed, and they have never complied with this part

of the contract, though frequently requested to do so by appellee. The wagon was sold by Head & Co., in the usual course of business, to Dan Head, and the rockaway to the First National Bank of Greenville, both purchases being for value without notice. Subsequently, appellee made demand on the bank for the vehicles, and the bank, while admitting possession, refused to deliver them. Whereupon, appellee brought this action of replevin. Dan Head interposed a claim for the wagon, and the whole case was, by agreement, submitted to the court without a jury, and judgment was rendered for the plaintiff on both issues. The bank and Dan Head have appealed.

*Jayne & Watson,* for appellants.

1. It is not denied that appellants were innocent purchasers for value of the vehicles. The contract did not create a conditional sale. The only condition named was that the subscriber agreed to settle promptly by note or draft, or to pay cash within ten days. The purchasers had the option of paying the money or giving the note. The vendor nowhere retained title.

2. Appellee was a wholesale manufacturer of carriages, and knew that its vendee, J. C. Head & Co., were retail dealers in them, and that these vehicles were purchased for sale. Appellants were innocent purchasers. As between wholesale and retail dealers, secret liens or reservations of title in conditional sales will not be permitted, as they operate as a fraud on the purchasing public. 109 Ind., 31; 6 Daly, 305; 31 Barb., 650; 4 N. Y., 518; Benjamin on Sales, § 319; 58 Ala., 165.

*Phelps & Larkin,* for appellee.

The condition upon which title was to vest in the purchasers was never performed, and appellee had the right to reclaim its goods. The fact that notes were exacted of the purchasers upon delivery, as the condition of the sale, does

not render it less a conditional sale. Appellee had the right to stipulate for promissory notes as a prerequisite to the sale. These might be of great importance to appellee in its business.

The authorities holding such sale to be conditional, and that the seller has a right, upon non-performance of the condition, to retake possession, are found in 1 Benjamin on Sales, §§ 335–348. See 60 Me., 48; 100 Mass., 515. Since J. C. Head & Co. had not acquired any title, they could transfer none to appellants. 1 Benjamin on Sales, § 362; *Ketchum* v. *Brennan*, 53 Miss., 596; *Duke* v. *Shackleford*, 56 *Ib.*, 552. Under the facts, it cannot be contended that appellee is chargeable with any purpose to assist in the promotion of a fraud. It never waived the condition in the sale, and cannot be deprived of the legitimate stipulation it made for its protection.

WOODS, J., delivered the opinion of the court.

It is impossible to bring our minds to the conclusion that the sale of the rockaway and delivery-wagon by the appellee to J. C. Head & Co. was a conditional sale, and that there was a retention of title by appellee. Those provisions in the contract of sale which counsel for appellee construe to be conditions for passing of title, are merely the terms of the sale. The sale was perfect, complete, and the title to the property was clearly in J. C. Head & Co. from the date of shipment. Grant that J. C. Head & Co. improperly, or even fraudulently, obtained title, never intending to pay cash at the end of ten days, or to give their note at four months, and still it remains true that there was a sale of the property, by which they obtained title. It is not open to dispute that such sales are not absolutely void, but are voidable only at the election of the party imposed upon. It follows, irresistibly, that if J. C. Head & Co., the vendees, while in possession of the goods, and in the usual prosecution of their business as retail dealers in vehicles, and before the carriage company

had taken any steps to disaffirm the improperly, or fraudulently, made contract of sale, sold the rockaway and delivery-wagon to a purchaser in good faith, for value, such sale will be valid as against the carriage company.

*Reversed.*